UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JORGE VALLE-RAMOS,**

      **Plaintiff,**

v.                                      Case No. 6:24-cv-1276-CEM-DCI

**CITY OF ORLANDO, MICHAEL STANLEY, and DANIEL BRADY,**

      **Defendants.**

/

## ORDER

THIS CAUSE is before the Court on Defendant City of Orlando's ("the City") Motion to Dismiss ("Motion," Doc. 44), to which Plaintiff filed a Response (Doc. 47). For the reasons set forth herein, the City's Motion will be granted.

### I.   BACKGROUND

Plaintiff was arrested and imprisoned for burglary and grand theft when he was nineteen years old. (Am. Compl., Doc. 41, at 1). After Plaintiff served his sentence and completed probation—almost ten years later—a critical eyewitness recanted her testimony. (*Id.* at 2). Ultimately, Plaintiff's conviction was vacated. (*Id.*). The State then entered a motion of *nolle prosequi* and dismissed the charges against him. (*Id.*). Plaintiff alleges, however, that his arrest and incarceration was not the result of an innocent mistake and brought the instant lawsuit. (*Id.*).

Plaintiff alleges nine counts against Defendants. But only two counts are brought against the City: Count V, "policy and custom claims" brought pursuant to 42 U.S.C. § 1983, and Count IX, indemnification. (Doc. 41 at 16, 21). However, Count IX was erroneously included in the Amended Complaint and will be dismissed without prejudice because Plaintiff consents to the dismissal. (Doc. 47 at 14 n.1). Thus, only Count V—Plaintiff's § 1983 claim against the City—remains at issue. The City moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.  ANALYSIS

"A municipality can be sued directly under § 1983 when one of its customs, practices, or policies causes a constitutional injury." *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). To state a *Monell* claim, Plaintiff must establish the following: "(1) that his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The City challenges Plaintiff's ability to establish the latter two elements.

To show a policy exists under *Monell*, Plaintiff may take any of the following approaches: "(1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights."

*Chabad Chayil, Inc. v. Sch. Bd. of Mia.-Dade Cnty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citation omitted). Having not taken the first or third approach, Plaintiff must take the second. (*See* Doc. 41 at 16–19).

"Plaintiff must identify the policy or custom which caused his injury so that liability will not be based upon an isolated incident, and the policy or custom must be the moving force of the constitutional violation." *Crenshaw v. Lister*, 509 F. Supp. 2d 1230, 1237 (M.D. Fla. 2007) (internal citation omitted). In Count V, Plaintiff alleges that the City "failed to promulgate adequate rules, regulations, policies, and procedural safeguards" and "failed to train and supervise police officers and agents" on "(1) the conduct of lineups and identification procedures; (2) writing police reports and taking investigative notes, including notes of witness statements; (3) the collection, documentation, preservation, testing, and disclosure of evidence, including physical evidence, material exculpatory evidence, and impeachment evidence; (4) maintaining investigative files and disclosing those files in criminal proceedings; and (5) intervention to prevent and redress misconduct by other officers." (*See* Doc. 41 at 16, 17).

These allegations and the rest, however, are conclusory. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A similar case, *Dross v. Nienhuis*, No. 8:24-cv-946-CEH-SPF, 2025 U.S. Dist. LEXIS 58902 (M.D. Fla. Mar. 28, 2025), is instructive. The *Dross* Court found that the plaintiff failed to state a *Monell* claim

where he alleged an unofficial policy of allowing investigatory strip searches without probable cause. *Id.* at *30–31. That is because the plaintiff "fail[ed] to allege any ultimate facts to support a longstanding and widespread practice" of that policy. *Id.* at *29. The court noted that the incident's occurrence, in itself, did not establish this type of incident was commonplace. *See id.* at *29–30.

Unlike that claim, however, the plaintiff's first claim alleging an unofficial policy of illegal traffic stops survived. *Id.* at *28. That was because the allegations in that count stated that the officer who conduct the stop in question had previous complaints filed against him without resulting discipline, news stories reported on similar unlawful incidents, and another officer acknowledged the policy. *Id.* at *26–27.

Here, the Court is faced with something in between but more like the count that failed in *Dross*. Plaintiff cites to two prior instances to show this policy or custom was long established. First, a 2010 wrongful conviction premised on mistaken eyewitness identification and perfunctory investigation. (Doc. 41 at 17–18). Second, in 2015, officers omitted an unauthorized vehicle chase from their reports in a coverup attempt. (*Id.* at 18). These two alleged incidents occurred five years apart and were unrelated in subject matter both to each other and this case. (*See* Doc. 41 at 17–18). Neither involved either officer named in this case. (*See id.*).

These instances, even taken together, do not show that the City had notice of a policy or custom that amounts to deliberate indifference to a constitutional right.

*See AFL-CIO v. City of Miami*, 637 F.3d 1178, 1189 (11th Cir. 2011) ("A plaintiff must present evidence not only that the municipality was on notice of a need to train but also that the municipality made a choice not to do so."). "This prevents the imposition of liability based upon an isolated incident." *McDowell*, 392 F.3d at 1290. Thus, Plaintiff fails to allege specific facts that support the existence of an unofficial policy that amounts to any deliberate indifference to his constitutional rights. *See Dross*, 2025 U.S. Dist. LEXIS 58902, at *30. Therefore, he cannot state a *Monell* claim, and Count V will be dismissed.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant City of Orlando's Motion to Dismiss (Doc. 44) is **GRANTED**.

2. Count V and Count IX are **DISMISSED**.

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record