IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE VALLE-RAMOS,                    Case No. 6:24-ccv-1276

    Plaintiff,

vs.

CITY OF ORLANDO, MICHAEL
STANLEY, and DANIEL BRADY,

    Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT AND COMPLETE DISCOVERY**

COME NOW, Defendants CITY OF ORLANDO, MICHAEL STANLEY, and DANIEL BRADY, and hereby move, unopposed, for an extension of time to disclose their expert witness and to allow for his deposition beyond the discovery deadline.

1. Plaintiff timely disclosed his expert on November 4, 2025. Defendants' disclosure is currently due December 4, 2025. (Doc. 37.)

2. Defendants retained an expert witness in July 2025. However, upon providing Defendants' expert with case materials following Plaintiff's disclosure, Defendants' expert identified a conflict of interest and was forced to rescind the assignment.

3. Defendants have since located a new expert. However, given the expert's pre-planned vacation and other commitments, the expert requires additional time to review the file and prepare his report.

4. Defendants therefore request a brief extension through December 15 to disclose their expert.

5. Relatedly, discovery is set to close on January 2. Given the later-than-expected expert disclosure immediately prior to the holidays, the parties request a two-week extension through January 16 to coordinate and complete the expert's deposition.

6. No other deadlines would be impacted.

WHEREFORE, Defendants respectfully request an extension to serve their expert disclosure through and including December 15, 2025, with an extension to complete the expert's deposition through and including January 16, 2026.

## Local Rule 3.01(g) Certification

The undersigned has conferred with opposing counsel regarding the substance of this motion and counsel DOES NOT object to the relief sought herein.

# MEMORANDUM OF LAW

Scheduling orders "may be modified only for good cause and with the judge's consent." FRCP 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FRCP 16 advisory committee note).

Defendants' unopposed request herein meets the good cause standard. Defendants demonstrated diligence by retaining an expert some five months prior to the disclosure deadline. Only after numerous case files were provided to the expert, including deposition transcripts that did not exist at the time of retention, did the expert recognize a professional conflict that precluded his testimony in this case. Defendants then immediately located an alternative expert who was capable and available to render testimony; that replacement expert simply needs additional time to complete his review given the short notice and his own prior commitments. The related request to extend discovery to complete the new expert's deposition is a consequence of the late-disclosed expert report.

Nor would the extensions impact matters of case administration, as the timing would only affect the parties. Finally, Plaintiff does not object to the request.

Respectfully, good cause has been shown under Rule 16 to modify the case management order as requested herein.

Respectfully submitted this **24th** day of November, 2025, by:

> */s Derek J. Angell*
> DEREK J. ANGELL, ESQ.
> Fla. Bar No. 73449
> dangell@ohalaw.com
> O'CONNOR, HAFTEL & ANGELL, PLLC
> 800 N Magnolia Ave, Ste 1350
> Orlando, Florida 32803
> (407) 843-2100
> www.ohalaw.com
> *Attorneys for Defendants*