IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JORGE VALLE-RAMOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 6:24-cv-1276 |
| | ) |
| v. | ) |
| | ) |
| CITY OF ORLANDO et al., | ) |
| | ) |
| Defendants. | ) |

**AGREED MOTION TO REOPEN DISCOVERY AND EXTEND PLAINTIFF'S
SUMMARY JUDGMENT RESPONSE DEADLINE**

Under Federal Rule of Civil Procedure 16(b)(4), Plaintiff Jorge Valle-Ramos hereby requests (1) leave to conduct limited discovery related to evidence Defendants only recently disclosed, and (2) an extension of his deadline to respond to Defendants' forthcoming *Daubert* and summary judgment motions. In support, Plaintiff states as follows:

**BACKGROUND**

1. Plaintiff was wrongfully convicted of a 2013 burglary in Orlando, Florida, for which he served over two years in prison.

2. Plaintiff's conviction rested solely on two eyewitnesses' supposed identifications of Plaintiff as a perpetrator of the burglary based on photographs Defendants showed them.

3. After he was released from prison, while he was still under supervision, Plaintiff moved for post-conviction relief, and the criminal court vacated his conviction.

4. Plaintiff filed this civil rights lawsuit in July 2024, and he filed his Amended Complaint in March 2025. ECF Nos. 1, 41.

5. The Amended Complaint alleges, among other things, that Orlando Police Department Officer Michael Stanley caused Plaintiff's wrongful conviction by fabricating

1

evidence against him and concealing material exculpatory evidence from him, his defense attorneys, and prosecutors, all with the knowledge and approval of Stanley's supervisor, Sergeant Daniel Brady. ECF No. 41. Specifically, Plaintiff alleges that Stanley manipulated the eyewitnesses into providing false identifications and false testimony to secure Plaintiff's conviction. Plaintiff also sought to hold the City of Orlando liable because its unconstitutional policies and practices caused the individual officers' misconduct. The Court has since dismissed Plaintiff's claim against the City. *See* ECF No. 52.

6. Under the Court's Case Management and Scheduling Order, discovery opened on November 22, 2024. ECF No. 37 at 1.

7. Plaintiff served requests for production on Defendants on December 12, 2024, requesting, among other things: "All photographs . . . presented to any witness during the Gonzalez Burglary Investigation." *See* Requests for Production at 5, attached as Exhibit A.

8. Defendants responded to Plaintiff's requests on January 15, 2025. *See* Defendants' Response to Plaintiff's RFPs, attached as Exhibit B. Defendants produced documents and attested that all "documents in [their] possession ha[d] been produced" on that date. *Id*. at 2.

9. Discovery closed on January 2, 2026. ECF No. 37 at 2; ECF No. 59 (extending Defendants' expert disclosure deadline but keeping all other deadlines intact).

## REQUEST TO REOPEN DISCOVERY

10. On January 21, 2026—nearly three weeks after the close of discovery—Defendants' counsel informed Plaintiff's counsel by email that Defendants had failed to produce four responsive documents during discovery. Defendants' counsel attached those documents to his email. They included two photo arrays that featured alternative suspects and that Defendants had

2

apparently shown to at least one eyewitness during the burglary investigation that resulted in Plaintiff's wrongful conviction.

11. Before defense counsel's email, Defendants had disclosed only a single photo array in this case, which they claimed Defendant Stanley showed to the two eyewitnesses, after which the eyewitnesses supposedly identified Plaintiff as a burglar.

12. The documents Defendants produced after close of discovery are material and central to Plaintiff's case. What Defendants showed the eyewitnesses and what they said to the eyewitnesses during and after the photographic line-ups that resulted in Plaintiff's identification are key issues in this case. For that reason, the existence of the additional photo arrays is itself material.

13. Beyond that, Defendants' late production of the documents raises questions: Why were these documents not previously produced? Are there additional responsive documents in Defendants' custody that they have not produced? Do Defendants have records of whose picture the eyewitness or eyewitnesses chose from these additional photo arrays? Did these undisclosed photo identifications point to another suspect (in which case they were *Brady* material)? Were these photo arrays and their results turned over to Plaintiff's criminal defense counsel prior to Plaintiff's trial?

14. Plaintiff would have investigated those questions during discovery had Defendants timely produced the documents. But because discovery is closed, Plaintiff has no ability to investigate the documents or the completeness of Defendants' production before summary judgment and trial.

15. Plaintiff needs time to analyze these documents, and he wishes to conduct limited discovery directed at learning why Defendants did not previously produce the documents, whether

more responsive documents remain unproduced, and whether these documents were turned over to Plaintiff's criminal defense counsel.

## EXTENSION OF UPCOMING RESPONSE DEADLINES

16. Plaintiff also seeks leave to extend his deadline to respond to Defendants' forthcoming summary judgment and *Daubert* motions.

17. Plaintiff does not wish to respond to summary judgment and *Daubert* motions until he has fully investigated whether Defendants have withheld additional responsive materials, and whether these materials had been turned over to Plaintiff's defense counsel before his criminal trial.

18. In addition, both attorneys who represent Plaintiff in this case are currently in the midst of a six-week federal jury trial in the United States District Court for the District of South Carolina, captioned *United States ex rel. Shepherd v. Fluor Corp.*, No. 6:13-cv-02428-JD (D.S.C.). The trial began January 28, 2026, and the parties expect it to finish in mid-March.

19. Plaintiff did not seek to extend his summary judgment and *Daubert* response deadline earlier, as there remained some possibility the South Carolina case would resolve before trial. But that did not happen and the case has now proceeded to trial.

20. Plaintiff offered to extend the *Daubert* and summary judgment briefing schedule for all parties, but Defendants informed Plaintiff that they plan to file their *Daubert* and/or summary judgment motions on February 3. ECF No. 37 at 2.

21. Because Plaintiff's counsel will be indisposed due to their jury trial and given the unresolved issues related to Defendants' late production of critical discovery, Plaintiff respectfully asks that the Court reopen discovery until March 31, 2026, for the limited purposes of allowing Plaintiff to follow up on Defendants' belatedly produced documents. And Plaintiff requests an

extension of his deadline to respond to Defendants' upcoming *Daubert* and/or summary-judgment briefs, until April 28, 2026.

WHEREFORE, for those reasons, Plaintiff respectfully requests the Court enter an order: (1) reopening discovery for limited purposes; (2) granting Plaintiff leave to conduct limited discovery until March 31, 2026; (3) extending Plaintiff's deadline to respond to Defendants' *Daubert* and summary judgment motions until April 28, 2026; and (4) granting any additional relief the Court deems just and proper.

### LOCAL RULE 3.01(G) CERTIFICATE

Plaintiff's counsel conferred with Defendants' counsel before filing this motion, and Defendants' counsel has confirmed that his clients do not oppose Plaintiff's motion.

Dated: February 3, 2026              Respectfully Submitted,

                                     /s/ Jon Loevy

Jon Loevy
Aaditya Tolappa
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
tolappa@loevy.com

*Counsel for Plaintiff*

5