# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JORGE VALLE-RAMOS, | Case No. 6:24-CV-01276-CEM-DCI |
| Plaintiff, | |
| | Hon. Carlos E. Mendoza |
| v. | |
| CITY OF ORLANDO, MICHAEL STANLEY, and UNKNOWN OFFICERS, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S FIRST REQUEST TO
PRODUCE DOCUMENTS TO ALL DEFENDANTS**

Plaintiff JORGE VALLE-RAMOS, by his undersigned attorneys, propounds the following Requests for Production pursuant to Federal Rule of Civil Procedure 34, and applicable local rules, upon all Defendants to be answered by each separately within thirty days after service hereof.

**DEFINITIONS**

1.  "Plaintiff," "Jorge Valle-Ramos," and "Valle-Ramos" refer to Plaintiff Jorge Valle-Ramos, as well as, where the clear meaning is not destroyed by the addition, his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2.  The "City of Orlando" or the "City" shall refer to Defendant City of Orlando, including its subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

3.  The terms "Orlando Police Department," "the Department," or "OPD" shall refer to the Orlando Police Department, and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the Department's behalf.

4.  The terms "Orange County" or the "County" shall refer to Orange County and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any

1

other constituent entity within its control, including but not limited to the Orange County State's Attorney's Office, as well as, where the clear meaning is not destroyed by the addition, any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the County's behalf.

5.  "Defendant Officers" shall refer to individual Defendants Michael Stanley, and any other unknown police officers of the City of Orlando Police Department that may become known, as well as, where the clear meaning is not destroyed by the addition, their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

6.  "Individual Defendants" shall refer to the Defendant Officers.

7.  "Defendants" shall refer to all defendants in this action, including the Individual Defendants and Defendant City of Orlando.

8.  "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

9.  The "Gonzalez Burglary" shall mean the April 9, 2013, burglary of George Gonzalez's home in Orlando, Florida.

10.  "Gonzalez Burglary Investigation" or "Investigation of the Gonzalez Burglary" shall mean any actions taken by any Investigator to determine the cause or circumstances of and/or the person or persons responsible for the incident that resulted in the Gonzalez Burglary. This term is not limited solely to those actions leading to the prosecution of Plaintiff, but includes actions taken with regard to any other possible witnesses or suspects. In addition, this term is not limited solely to actions taken prior to the arrest of Plaintiff, but includes actions undertaken both before and after the arrest of Plaintiff, including any actions during Plaintiff's criminal trial or appeals and any actions undertaken at any time after Plaintiff's exoneration, up to and including the present day. The terms are not limited to the actions of Individual Defendants, but includes actions taken by any Person fitting the description of Investigators as defined below.

11.  "Investigators" shall mean any Persons who materially participated in the Gonzalez Burglary Investigation. This not only includes the Individual Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any material support to the Gonzalez Burglary Investigation.

12.  "Exculpatory Evidence" shall mean evidence favorable to Plaintiff and evidence that would tend to show that Plaintiff was not guilty of the Gonzalez Burglary, including any evidence that would tend to undermine the credibility of any prosecution witness who testified, or could have testified, during any of Plaintiff's criminal proceedings.

13.  "Investigative File" shall mean any and all Documents created or produced by Investigators in relation to the Gonzalez Burglary Investigation, including but not limited to law enforcement officer notes and other written impressions, witness statements, documentary evidence such as photographs and charts, and physical evidence, that was maintained and/or stored by the Orlando Police Department.

14. "Plaintiff's Complaint" shall mean the operative pleading, which was filed in *Valle-Ramos v. City of Orlando*, et al, No. 6:24-CV-01276-CEM-DCI (Dkt. 1), on July 12, 2024, or any amended version of that document filed after these instructions are given.

15. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to the job performance of any Individual Defendant, or any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on behalf of any Individual Defendant, regardless of the disposition of any resulting inquiry or investigation.

16. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

17. "Communication" means the exchange of information between two or more Persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports, and any electronically stored documents), or by any other means.

18. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery, and shall include any Communications documented in any way. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

19. "You" and "Your" shall refer to the Defendant responding to these Requests, as well as, where the plain meaning is not destroyed by the addition, all counsel, consultants, experts, investigators, representatives, agents or other Persons acting on such Defendant's behalf.

20. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

21. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

3

## INSTRUCTIONS

1. Unless otherwise stated, the relevant time period for each of Plaintiff's discovery requests shall be beginning five years before the date of the Gonzalez Burglary and continuing until the conclusion of this litigation.

2. Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, an objection to part of a request must specify the part and produce, or permit inspection, of the rest.

3. In the event that you withhold documents pursuant to objection, please identify the withheld documents pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

4. In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of Document withheld, and the date(s) of the Document withheld, so that the claim of privilege may be adjudicated.

5. In the event that you redact any information from any Document produced in response to Plaintiff's discovery requests, provide a log identifying the basis and nature for each redaction.

6. Documents that are stored electronically shall be produced in their native format with all metadata intact, unless the parties agree to production in a different format.

7. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

8. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

9. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

10. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please produce any accompanying records of destruction and supplement your response to Plaintiff's First Set of Interrogatories.

11. If you contend that any terms used in any of Plaintiff's requests are vague, ambiguous, or overbroad, please produce with your response all documents that you agree fall within the scope of discovery, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing, with your responses, any documents actually or potentially withheld, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request and provide any definitions and/or limitations that you are employing in your interpretation.

12. These Requests are continuing in nature.

## REQUESTS FOR PRODUCTION

1. All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

2. All Documents relating to the Gonzalez Burglary Investigation and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Gonzalez Burglary. This request includes but is not limited to any and all police reports; handwritten notes; collected evidence; forensic, lab, and/or testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses); video/audio recordings; electronically stored information; and/or Communications. This request seeks records prepared by Defendants and third parties involved in the Gonzalez Burglary Investigation.

3. All Documents relating to the Gonzalez Burglary Investigation and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Gonzalez Burglary that are stored within each and every unit of the Orlando Police Department, including but not limited to the Orlando Police Headquarters, Criminal Justice Section, Criminal Investigative Division, Special Enforcement Division, Records Unit, Property and Evidence Unit, and Orlando Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Orlando Police Department.

4. All transcripts, photographs, video/audio recordings, radio, emergency and emergency transmissions, 911 or 311 recordings or transmissions, or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Gonzalez Burglary, or the Gonzalez Burglary Investigation. This request specifically includes but is not limited to:

   a. All evidentiary photographs taken in connection with the Gonzalez Burglary Investigation;

   b. All photographs, audio, or video presented to any witness during the Gonzalez Burglary Investigation;

   c. All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

   d. All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on April 9, 2013, regarding any activities within the area of the Gonzalez Burglary.

5. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a suspect in the Gonzalez Burglary, through the present day.

6. All Documents, such as Defendants' personal notes and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Gonzalez Burglary Investigation.

7. All Documents that were not included in the official City of Orlando Records Division and/or Permanent Retention file for the Gonzalez Burglary Investigation but that summarize, reflect, describe or relate to any activities undertaken during the Gonzalez Burglary Investigation or otherwise relate to the Gonzalez Burglary Investigation. This request includes but is not limited to the personal notes and/or files of any Individual Defendant and/or Investigator. This request further includes but is not limited to all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Gonzalez Burglary Investigation.

8. All physical evidence relating to the Gonzalez Burglary Investigation or Defendants' defenses to Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

9. All Documents that constitute records of physical evidence relating to the Gonzalez Burglary Investigation. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

10. All Documents relating to any City of Orlando, internal, or external investigation (*e.g.*, internal affairs, employee discipline, disciplinary review, police board, external investigation, FBI, etc.) that addressed or looked into any actual or potential misconduct during the Gonzalez Burglary Investigation.

11. All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, gang book identification, show-up, clothing identification, or other) conducted in connection with the Gonzalez Burglary Investigation.

12. Maps; floor plans; architectural, construction, or plumbing diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Orlando Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Gonzalez Burglary Investigation, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

13. All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Gonzalez Burglary, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings. This request seeks responsive documents without temporal limitation.

14. All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

15. All Documents that summarize, reflect, describe, or relate to any questioning, interview, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Gonzalez Burglary Investigation. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

16. All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the Gonzalez Burglary, or the Gonzalez Burglary Investigation. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

17. All Documents relating to any Communication between any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

18. All Documents, including but not limited to documents comprising Communications, relating to the following Persons: Plaintiff or any third parties involved in the Gonzalez Burglary Investigation, such as the witnesses on the parties' Rule 26(a)(1) disclosures, and including documents within the possession, custody, or control of the Orlando Police Department, including the Orange County Jail/Orange County Department of Corrections. This request seeks responsive documents without temporal limitation.

19. All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Orlando Police Department, including but not limited to arrest reports, criminal history reports, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

20. All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

21. All Documents containing, constituting, or memorializing Communications that refer or relate to the Gonzalez Burglary, the Gonzalez Burglary Investigation and/or Plaintiff's alleged involvement in the crime. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiff; (b) among any of the Defendants or their employees and agents; (c) between any Defendants or their employees or

agents and any third-party, including other law enforcement agencies; and (d) with the Orange County State's Attorney's Office or United States Attorney's Office.

22. All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

23. All Documents that reflect the locations, movements, assignments, or contacts made by any Individual Defendant from April 9, 2013 through May 21, 2014, such as database records, police reports, arrest lists, log sheets, daily activity reports, calendars, contact cards, emails, City phone, or personal phone records, etc.

24. All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Orlando Police Department. This request specifically seeks but is not limited to: (a) print-out of the disciplinary history of each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, (b) the complete file for each Complaint; (c) disciplinary records; and (d) any documentation in your possession, custody, or control relating to expunged disciplinary records. This request seeks responsive documents without temporal limitation.

25. All Documents relating to the employment with the City of Orlando of any of the Individual Defendants, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records, deconfliction reports, notification history re: discharge of a firearm with or without injury, requests for indemnification, civil lawsuits in which any of the Individual Defendants were named defendants, and any other responsive documents. This request seeks responsive documents without temporal limitation.

26. ***For the Individual Defendants Only***: A photograph that shows your appearance at or near the date of the Gonzalez Burglary.

27. ***For Defendant City of Orlando Only***: A photograph that shows the appearance at or near the date of the Gonzalez Burglary, of each of the Defendant Officers.

28. ***For the Individual Defendants Only***: All Documents relating to your total financial net worth, including, but not limited to:

    a. All Documents relating to any assets in your possession with a value in excess of $2,500;

    b. Copies of all monthly statements for the period from July 2019 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

    c.    Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;

    d.    A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;

    e.    A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said automobile(s);

    f.    All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

    g.    A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Orlando Police Department;

    h.    All Documents relating to any mortgage applications signed by you in the past four years;

    i.    Copies of your three most recent state and federal tax returns; and

    j.    All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

29.    ***For the Individual Defendants Only*:** All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

30.    All Documents that you will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of involvement in the Gonzalez Burglary. This request seeks responsive documents without temporal limitation.

31.    All Documents relating to or supporting Defendants' Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which you may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

32.    All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement your response to this request for production throughout this litigation.

33.    Any records of Grand Jury proceedings relating to the Gonzalez Burglary Investigation or the prosecution of Plaintiff or any other Person for the Gonzalez Burglary.

34.    All Documents obtained via third party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records. This request seeks responsive documents without temporal limitation.

35. All Documents provided to you by or obtained by you from any of Plaintiff's criminal defense attorneys or their investigators or agents.

36. All Documents provided to you by or obtained by you from any of Defendants' attorneys, investigators, or agents.

37. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

38. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

39. Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Orlando and/or Orlando Police Department's written policies applicable to any of the Individual Defendants at any time during the Gonzalez Burglary Investigation.

40. All Documents relating to any written policy, procedure, or practice of the City of Orlando or the Orlando Police Department, regarding any of the following subjects:

    a. The documentation and preservation of information learned during a burglary/property crime investigation. This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a burglary/property crime investigation.

    b. The use, creation, contents of, storage, location, movement, and preservation of burglary/property crime investigative files kept at the Orlando Police Department, including but not limited to investigative files, official files, and unit files. This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Orlando Police Department—such as the Records Unit and the Property and Evidence Unit of the Orlando Police Department—and the timing of such movements in burglary/property crime investigations.

    c. Responding to subpoenas from criminal defendants requesting all records concerning a burglary/property crime investigation, including policies, practices and customs for ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime, or which would tend to undermine the

10

      credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors. This request includes but is not limited to the departments or personnel involved in processing such a subpoena request; the places within the Orlando Police Department from which documents, files, and information that would be produced in response to such a subpoena request; and the types of investigative documents that would be produced in response to such a subpoena request.

d. Witness interrogations and interviews in burglary/property crime investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses. This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of Miranda warnings and waivers.

e. The use and conduct of, documentation of, and supervision of identification procedures for actual or potential witnesses, such as show-ups, live/in person line-ups, photographic lineups/arrays, clothing line-ups, and single-photo identification procedures. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for performing these identification procedures; inventorying of evidence resulting from an identification procedure; selection and use of live and photographic fillers; the minimum and maximum number of suspects and fillers; process for taking photographs used in a photo lineup; number of witnesses permitted to view a single lineup; instructions given to participants subject to identification procedures, including communication of information about suspects or defendants; any other communications with witnesses subject to identification procedures; documentation of identification procedures and their results (including selection of suspects, fillers, or no identification); and creation and preservation of documentation relating to any of the foregoing subjects.

f. Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

g. Investigations of Orlando police officers for misconduct contrary to City of Orlando policies, and/or discipline of Orlando police officers who were found to have engaged in misconduct contrary to City of Orlando policies.

h. The City's written and unwritten policies, practices, and customs relating to the method and manner by which supervisors monitor, report, and/or

11

       discipline subordinate Orlando Police Department detectives for potential violations of departmental rules or state/federal laws. This includes the chain of supervision, who is responsible for the supervision, and what the scope of responsibility is for each supervisor that supervises detectives.

    i.    The policies, practices, and procedures of the Orlando Police Department regarding evaluations of its detectives, including but not limited to any annual or periodic performance reviews or evaluations, standards for evaluating the work performed by Orlando police officers, how those standards are communicated to Orlando police officers, how the evaluations are used to improve officer performance and/or correct deficient performance.

    j.    Obligation of officers to report instances of misconduct contrary to City of Orlando policies, and procedures for doing so.

    k.    Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

The timeframe of this request is beginning five years before the Gonzalez Burglary and continuing one year past Plaintiff's trial.

41.    Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Orlando, the Orlando Police Department, or the Orange County State's Attorney's Office at any time during the Gonzalez Burglary Investigation or at any time during any event or circumstance described in Plaintiff's Complaint.

42.    Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation.

43.    All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Orlando Police Department at any time.

44.    All Documents relating to any training that any Individual Defendant received in connection with their employment on any of the subjects identified in Request for Production No. 41, above. The timeframe of this request is beginning five years before the Gonzalez Burglary and continuing one year past Plaintiff's trial.

45.    All Communications between any Defendant Officer and any other person relating to the Gonzalez Burglary on April 9, 2013, the investigation of this crime, Plaintiff's arrest, the events preceding and leading up to Plaintiff's arrest, events occurring subsequent to Plaintiff's arrest in April 2013, and any of the allegations contained in Plaintiff's Complaint. This Request encompasses all communications regardless of format, including, but not limited to, letters, notes, text messages, e-mails, or messages exchanged through any social networking site.

  46. Copies of any statements, photos, or postings of any kind made on any website or social networking site including, but not limited to, X (formerly known as Twitter), Facebook, MySpace, Livejournal, Blogspot, Wordpress, Instagram, Flickr, Snapchat, that you made relating to the events alleged in the Complaint, including but not limited to the burglary of George Gonzalez's home and Defendant Officers' investigation thereof. This request also serves as a request to preserve any such statements or photos as they are depicted online

              Respectfully Submitted,

              **JORGE VALLE-RAMOS**

          By:  /s/ Rosalind Dillon
              *One of Plaintiff's Attorney*s
              Jon Loevy
              Rosalind Dillon
              LOEVY & LOEVY
              311 N. Aberdeen
              Chicago, Illinois 60607
              (312) 243-5900
              dillon@loevy.com

## **CERTIFICATE OF SERVICE**

I, Rosalind Dillon, an attorney, hereby certify that on December 12, 2024, I caused the foregoing Plaintiff's First Request to Produce Documents for All Defendants to be served on all counsel of record.

/s/ Rosalind Dillon
*One of Plaintiff's Attorneys*