Defendant: JORGE R VALLE-RAMOS      Case Number: 2013-CF-005146-A-O
OBTS: 8888888888, 8888888888

## SENTENCE
## As to Count: 1

The defendant being personally before this court, accompanied by the Defendant's attorney of record, ADAM POLLACK, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

**IT IS THE SENTENCE OF THE COURT THAT:**

The Defendant is hereby committed to the custody of the Department of Corrections.

___ The Defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**TO BE IMPRISONED:**

X  For a term of 30 Months

___ For a term of Life.

**SPLIT SENTENCE**

___ Followed by a period of on Community Control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

X  Followed by a period of 5 Years on Probation under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate ordered entered herein.

**In the event the defendant is ordered to serve additional split sentences, all incarnation portions shall be satisfied before the defendant begins service of the supervision terms.**

## SPECIAL PROVISIONS
## As to Count:

**Mandatory/ Minimum Provisions:**

Firearm

___   It is further ordered that the 3-year minimum mandatory imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.

Drug Trafficking

It is further ordered that the ___ mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

___ It is further ordered that the Mandatory Minimum imprisonment provision for section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

Controlled Substance
Within 1,000 Feet of School

___ It is further ordered that the 3-year minimum imprisonment provision if section 893.13(1)(e)1, Florida Statutes, is hereby imposed for the sentence specified in this count.

Habitual Felony Offender

___ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Habitual Violent Felony Offender

___ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.84(4)(b), Florida Statutes. A minimum term of ___ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Law Enforcement Protection Act

___ It is further ordered that the defendant shall serve a minimum of year(s) before release in accordance with section 775.0823, Florida Statutes.

Capital Offense

___ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes.

Short-Barreled Rifle, Shotgun, Machine Gun

___ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statues, are hereby imposed for the sentence specified in this count.

Continuing Criminal Enterprise

___ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count.

Taking a Law Enforcement Officer's Firearm

___

It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0857(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

Other Provisions:

Retention of Jurisdiction
___

The Court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983)

Jail Credit
X

It is further ordered that the defendant shall be allowed a total of **59 Days** as credit for time incarcerated before imposition of this sentence.

CREDIT FOR TIME SERVED
IN RESENTENCING AFTER
VIOLATION OF PROBATION
OR COMMUNITY CONTROL

___
It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served (served prior to arrest as violator), and DOC shall compute and apply credit for time served on the original DOC sentence only, pursuant to section 912.0017 Florida Statute.

___
It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time serve on case/count_____. (Offenses committed between October 1, 1989 and December 31, 1993)
___ The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(6)

___ The Court allows unforfeited gain time previously awarded on the above case/count (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1)).

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/count _____. (Offenses committed on or after January 1, 1994)

**Concurrent to other convictions**
It is further ordered that the sentence imposed for this count shall run Concurrent

**X** each count

## SENTENCE
## As to Count: 2

The defendant being personally before this court, accompanied by the Defendant's attorney of record, ADAM POLLACK, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,

**IT IS THE SENTENCE OF THE COURT THAT:**

The Defendant is hereby committed to the custody of the Department of Corrections.

___ The Defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**TO BE IMPRISONED:**

X  For a term of 30 Months

___ For a term of Life.

**SPLIT SENTENCE**

___ Followed by a period of on Community Control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

___ Followed by a period of on Probation under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate ordered entered herein.

**In the event the defendant is ordered to serve additional split sentences, all incarnation portions shall be satisfied before the defendant begins service of the supervision terms.**

## SPECIAL PROVISIONS
## As to Count:

**Mandatory/ Minimum Provisions:**

Firearm

___ It is further ordered that the 3-year minimum mandatory imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.

Drug Trafficking

It is further ordered that the ___ mandatory minimum imprisonment provision of section893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

___

It is further ordered that the Mandatory Minimum imprisonment provision for section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

Controlled Substance
Within 1,000 Feet of School

___

It is further ordered that the 3-year minimum imprisonment provision if section 893.13(1)(e)1, Florida Statutes, is hereby imposed for the sentence specified in this count.

Habitual Felony Offender

___

The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Habitual Violent Felony Offender

___

The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.84(4)(b), Florida Statutes. A minimum term of ___ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

Law Enforcement Protection Act

___

It is further ordered that the defendant shall serve a minimum of year(s) before release in accordance with section 775.0823, Florida Statutes.

Capital Offense

___

It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes.

Short-Barreled Rifle, Shotgun, Machine Gun

___

It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statues, are hereby imposed for the sentence specified in this count.

Continuing Criminal Enterprise

___

It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count.

Taking a Law Enforcement Officer's Firearm

___

It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0857(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

Other Provisions:

Retention of Jurisdiction
___
The Court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983)

Jail Credit
X
It is further ordered that the defendant shall be allowed a total of **59 Days** as credit for time incarcerated before imposition of this sentence.

CREDIT FOR TIME SERVED
IN RESENTENCING AFTER
VIOLATION OF PROBATION
OR COMMUNITY CONTROL

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served (served prior to arrest as violator), and DOC shall compute and apply credit for time served on the original DOC sentence only, pursuant to section 912.0017 Florida Statute.

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time serve on case/count_____. (Offenses committed between October 1, 1989 and December 31, 1993)
___ The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(6)

___ The Court allows unforfeited gain time previously awarded on the above case/count (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1)).

___ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/count _____. (Offenses committed on or after January 1, 1994)

**Concurrent to other convictions**
It is further ordered that the sentence imposed for this count shall run Concurrent, Concurrent

**X, X** with each count

In the event the above sentence is to the Department of Corrections, the Sheriff of Orange County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the legal right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to assistance of counsel in taking the appeal at the expense of the State on showing of indigence.

Done and Ordered at Orange County, Florida this 18 July 2014

Honorable Judge: _____
GREG A TYNAN

Filed in Open Court this 18 July 2014
By: Darius T., Theresa L. Deputy Clerk in Attendance
Office of Eddie Fernández, Orange County Clerk of the Circuit and County Courts

IN THE CIRCUIT COURT, OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE
COUNTY, FLORIDA

CASE NO. 2013-CF-5146
DIVIVISION 16

STATE OF FLORIDA,
    Plaintiff,

vs.

JORGE R. VALLE-RAMOS,
    Defendant.
_____/

## ORDER DISMISSING MOTION
## FOR POSTCONVICTION RELIEF

This matter came before the Court for consideration of Defendant Jorge Valle-Ramos' Motion for Postconviction Relief, filed August 4, 2015, pursuant to Florida Rule of Criminal Procedure 3.850.

The instant pleading is unsigned and unsworn, which renders it insufficient. Furthermore, the first three grounds constitute challenges to the sufficiency of the evidence, which cannot be raised in a postconviction motion. Finally, Ground 4 lacks sufficient supporting facts to support the claim of ineffective assistance of counsel.

Therefore, it is ORDERED AND ADJUDGED that the Motion for Postconviction Relief is DISMISSED without prejudice for Defendant to file a properly executed and legally sufficient motion within 60 days of the date of this Order.

DONE AND ORDERED in chambers at Orlando, Orange County, Florida this 28 day of February 2017.

A. JAMES CRANER
Circuit Judge

## Certificate of Service

I certify that a copy of this Order Dismissing Motion for Postconviction Relief has been furnished this 28 day of February 2017 to Jorge R. Valle-Ramos, 2321 SW 156th Loop, Ocala, Florida 34473 and to the Postconviction Felony Unit, Office of the State Attorney, 415 North Orange Avenue, Orlando, Florida 32801.

_____<br>Judicial Assistant

Procedural History: On May 22, 2014, Defendant was convicted of burglary of a dwelling with an assault or a battery in Count 1 and grand theft third degree in Count 2. On July 18, 2014, he was sentenced for each count to 30 months in the Department of Corrections followed by 5 years of probation on Count 1. The Fifth District Court of Appeal per curiam affirmed; *Valle-Ramos v. State*, 166 So. 3d 811 (table) (Fla. 5th DCA 2015). The Mandate was issued on June 19, 2015.

| | | |
|---|---|---|
| **FLORIDA DEPARTMENT of CORRECTIONS** | | Governor<br>**RON DESANTIS**<br><br>Secretary<br>**MARK S. INCH** |

501 South Calhoun Street, Tallahassee, FL 32399-2500      http://www.dc.state.fl.us

Date: 07/29/2021

RE:     TERMINATION OF SUPERVISION
DC# X86075
DOCKET/UC NO(S) 2013-CF-005146-A-O
COUNTY Orange

Jorge Valle Ramos
3544 Millenia Blvd Apt 6207
Orlando, FL 32839

Dear Mr. Ramos

You are hereby notified that you completed your term(s) of supervision on 07/03/2021, as referenced above, and are no longer under the supervision of the Department of Corrections.

Pursuant to Florida Statute 98.0751, if you were convicted of a felony offense, other than murder or a sex offense, you may be eligible to have your voting rights restored immediately upon the completion of all terms of your sentence, including, but not limited to any unpaid restitution, court costs, fees or fines.

Individuals who do not qualify for automatic restoration of voting rights under Florida Statute 98.0751, will not be qualified to vote until their civil rights are restored as outlined in Article IV, Section 8 of the Florida Constitution.

For additional information related to the restoration of voting rights process under Florida Statute 98.0751, contact the Supervisor of Elections in your county of release.

If you were adjudicated guilty and on supervision for a felony offense, please see attached information sheet prepared by the Office of Executive Clemency, entitled **RESTORATION OF CIVIL RIGHTS, PARDONS, PARDONS WITHOUT FIREARM AUTHORITY, FIREARM AUTHORITY, REMISSION OF FINES AND FORFEITURES** updated August 29, 2016 for information regarding the restoration of civil rights process. This information sheet and the application can be accessed on the following website for future reference: https://fcor.state.fl.us/restoration.shtml or call (850) 488-2952 or 1-800-435-8286.

Sincerely, _[signature]_
Shanice J. Keith

★INSPIRING SUCCESS BY TRANSFORMING ONE LIFE AT A TIME★

Original: Offender
Copy:    Offender File
        Clerk of Court (if required)
        FCOR (if required)

(Revised 7/19)                                                                         Right Side – Offender File