## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JORGE VALLE-RAMOS,                                    Case No. 6:24-cv-1276

      Plaintiff,

vs.

CITY OF ORLANDO, MICHAEL
STANLEY, and DANIEL BRADY,

      Defendants.

_____/

## **DEFENDANTS' AMENDED[1] MOTION TO EXCEED PAGE LIMITS**

COME NOW, Defendants CITY OF ORLANDO (the "City"), MICHAEL STANELY ("Det. Stanley"), and DANIEL BRADY ("Sgt. Brady"), pursuant to Local Rule 3.01(a), and hereby request leave to exceed the default 25-page limit for their motion for summary judgment ("MSJ"), which is filed today as well.

1.       This is a multifaceted civil rights claim under 42 U.S.C. § 1983. In short, Plaintiff claims he was wrongfully convicted of burglary and served a 30-month prison sentence. An eyewitness to the burglary then recanted her identification, giving rise to a vacation of the conviction and this lawsuit.

2.       Plaintiff's claims involve Fourteenth Amendment due process claims to the extent that Det. Stanely allegedly (1) used an unduly suggestive photo lineup to secure the eyewitness's identification; (2) bolstered her identification by

_____

[1] The amendment is to indicate that conferral with opposing counsel occurred prior to the motion being filed but that a Rule 3.01(g) certification was regretfully omitted.

confirming that she had identified the "right guy"; (3) failed to provide allegedly exculpatory *Brady* evidence allegedly showing that Plaintiff's hairstyle was different than the photo in the lineup; and (4) allegedly tainted the witness's testimony by violating of the rule of sequestration at the criminal trial.

3.    The constitutional law governing these issues is both nationally unsettled and rapidly evolving.  Moreover, each theory is subject to independent qualified immunity analysis.

4.    Plaintiff also brings Fourth Amendment malicious prosecution claims which involve independent probable cause and, for qualified immunity purposes, arguable probable cause analyses.  The claims further include § 1983 conspiracy charges against the two defendants and assorted state law claims.

5.    We therefore take the extraordinary and measured step of requesting leave to file a dispositive motion beyond the default page limit.  Per Rule 3.01(a), we request a total of 41 pages to file our motion for summary judgment.

WHEREFORE, Defendants hereby respectfully request leave to file their motion for summary judgment to include 41 pages.

## MEMORANDUM OF LAW

Local Rule 3.01(a) permits a three-page motion to request leave to file a motion in excess of the default 25 pages.  It is with great care and introspection that such relief is sought here, as we recognize that submitting a "fat brief" generally signals "right up front that you have a rotten case."  Hon. Alex Kozinski, *The Wrong Stuff*, 1992 B.Y.U. L. Rev. 325, 326 (1992).  Nonetheless, both the facts

in this case, developed as they were from multiple witnesses who testified over ten years and often conflicted with their own prior testimony, and the numerous independent legal questions deriving from Plaintiff's nine-count complaint, cannot be adequately addressed in 25 pages.

Further, this Court has expressed a willingness to allow additional pages when appropriate. *See Feliciano v. City of Orlando*, M.D. Fla. No. 6:22-cv-394-CEM-LHP (Oct. 6, 2022) (denying motion to dismiss 111-count complaint) ("Certainly, if Defendants felt they needed additional pages to file an appropriate motion to dismiss, they could have requested leave of the Court to do so."). Respectfully, the numerous complex and important constitutional claims in the instant case meet the standard, both to ensure that the relevant legal landscapes are adequately canvassed and to ensure all preservation.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that the undersigned conferred with opposing counsel on February 3, 2026, prior to filing the initial version of this motion, who did not object to the relief sought herein.

Respectfully submitted this **4th** day of February, 2026:

*/s Derek J. Angell*
DEREK J. ANGELL, ESQ.
Fla. Bar No. 73449
dangell@ohalaw.com
O'CONNOR, HAFTEL & ANGELL, PLLC
800 N Magnolia Ave, Ste 1350
Orlando, Florida 32803
(407) 843-2100