**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| JORGE VALLE-RAMOS, | ) ) | |
| *Plaintiff*, | ) ) | Case No. 6:24-CV-1276 |
| *v.* | ) ) | Hon. Carlos E. Mendoza |
| CITY OF ORLANDO, MICHAEL STANLEY, and UNKNOWN OFFICERS. | ) ) ) | |
| *Defendants*. | ) ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**
**AND TO PRESENT ORAL ARGUMENT IN OPPOSITION TO**
**DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Jorge Valle-Ramos, by and through his attorneys Jon Loevy and Aaditya Tolappa, and asks this Court for leave to file a sur-reply and to allow oral argument on Defendant's motion for summary judgment, for the following reasons:

1.      This is a civil rights case arising from Plaintiff's wrongful conviction for a 2013 burglary in Orlando. Among other claims, Plaintiff presses a § 1983 due process claim against Defendant Michael Stanley, the detective whose investigation led to Plaintiff's prosecution and conviction. Dkt. 41 at 12–13. Plaintiff pleaded two theories of § 1983 due-process liability: fabrication of evidence, and suppression of *Brady* materials. Dkt. 41 at 12–13.

2.      Defendant moved for summary judgment. Dkt. 71. His motion addressed neither Plaintiff's fabrication theory nor several pieces of *Brady* material supporting Plaintiff's suppression theory.

3.      Then, Defendant's reply raised a variety of new arguments on Plaintiff's § 1983 fabrication and suppression theories that were absent from Defendant's original motion. *See* Dkt.

1

79 at 2–13. Notably, for the first time, Defendant argued that Plaintiff had not pleaded a fabrication theory of § 1983 due-process liability, and that Plaintiff could not oppose summary judgment using *Brady* material that Plaintiff did not originally list in his complaint. *Id.* These arguments are waived because Defendant could have raised them in his opening brief, but did not do so. *Bear Warriors United, Inc. v. Hamilton*, 760 F. Supp. 3d 1374, 1378 (M.D. Fla. 2024). But if the Court decides to consider them, Plaintiff will have had no opportunity to respond.

4.      District courts may grant a party leave to file a sur-reply if there is "a valid reason . . . such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation omitted). Here, there is a valid reason for additional briefing, namely, that Plaintiff has not had the chance to respond to arguments Defendant raised for the first time in his reply brief.

5.      Accordingly, Plaintiff asks this court for leave to file a limited sur-reply of three pages, excluding materials listed in Local Rule 3.01(a). Per Local Rule 3.01(e), Plaintiff has *not* attached his intended sur-reply to this motion. He is able to provide it if the Court requests it.

6.      Pursuant to Local Rule 3.01(i), Plaintiff also requests oral argument on this motion. Plaintiff believes that the parties will need no more than 30 minutes per side for argument.

7.      Plaintiff's counsel conferred with Defendant's counsel via email to resolve this motion. Defendant objects to Plaintiff's request for leave to file a sur-reply, but does not object to Plaintiff's request for oral argument.

WHEREFORE, for those reasons, Plaintiff respectfully requests the Court grant him leave to file a sur-reply in opposition to Defendant's amended motion for summary judgment, and allow the parties to present oral argument on Defendant's motion for summary judgment.

Respectfully submitted,

**JORGE VALLE-RAMOS**

By:    /s/ Aaditya Tolappa
       *One of Plaintiff's Attorneys*

Jon Loevy
Aaditya Tolappa
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900

## LOCAL RULE 3.01(G) CERTIFICATE

Plaintiff's counsel conferred with Defendant's counsel before filing this motion. Defendant's counsel has confirmed that his client opposes Plaintiff's request for leave to file a sur-reply but does not oppose Plaintiff's request for oral argument on Defendant's motion for summary judgment. This conference took place electronically.

DATED: May 28, 2026

**RESPECTFULLY SUBMITTED,**

/s/ Aaditya Tolappa
*One of Plaintiff's attorneys*

Jon Loevy
Aaditya Tolappa
Loevy & Loevy
311 North Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
tolappa@loevy.com

3

**CERTIFICATE OF SERVICE**

I, Aaditya Tolappa, certify that on May 28, 2026, I served Plaintiff's Motion for Leave to

File Sur-Reply and to Present Oral Argument via electronic filing.

/s/ Aaditya Tolappa

4